Assessment set aside.

VAN SYCKEL, Justice, concurred.

CITED *in State* v. *Carrigan,* 10 *Vr.* 37.

---

THE STAR BRICK COMPANY v. JOHN W. RIDSDALE ET AL.

1. When, in a declaration in covenant, a material breach of the agreement declared on is averred, a plea denying the charge, and alleging that the defendants had well and truly kept all other covenants, must conclude to the country.
2. A plea which sets up an excuse for non-performance, and then avers full performance, is void for duplicity.

In covenant. On motion to strike out pleas.

Argued November Term, 1870, before WOODHULL, DEPUE, and VAN SYCKEL, Justices.

VAN SYCKEL, J. The declaration assigns for cause of action, among other breaches of covenant, that the defendants failed and refused to burn for the plaintiffs one hundred and twenty thousand bricks, or any other number, per week, during the season specified in the agreement, with an express averment that the plaintiffs made and manufactured and had them ready to burn, and notified the defendants thereof.

Motion is made to strike out the third plea, which avers that the plaintiffs did not make and manufacture and have ready to burn, and notify the defendants to burn, one hundred and twenty thousand bricks per week, but refused so to do, and that the defendants have always well and truly kept

State, Gregory et al., pros., v. Jersey City.

all other covenants in said agreement mentioned on their part to be performed, and concluding with a verification.

The first part of this plea is a denial of a direct, material averment in the declaration, and should conclude to the country. The conclusion must be with a verification where new matter is introduced on either side in answer to the previous pleading. 1 *Chitty's Pl.* 536 ; *Everett* v. *Barlett, Spencer* 117.

The latter part of the plea, which is general performance, is subject to the same exception. Such a plea cannot conclude with a verification where specific breaches are assigned in the declaration ; otherwise, the plaintiff would be compelled to re-assign breaches, and the pleading would go on forever in a circle.

The plea is also vicious for duplicity, in first setting up an excuse for non-performance, and then averring full performance.

Several matters may be introduced into a plea, if they constitute part of the same entire defence and form one connected proposition, but this plea is not within this exception to the general rule.

For these defects, which are grounds of special demurrer at common law, the motion to strike out must prevail, with costs.

WOODHULL and DEPUE, Justices, concurred.